E-FILED
Friday, 24 April, 2026  10:57:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ZAIRE HERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-02331-MMM |
| | ) | |
| OFFICER MCMAHON, AND LT. JENNA | ) | |
| GOOD, | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

Plaintiff proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at

Menard Correctional Center, asserts claims based on sexual harassment while in the

Champaign County Jail.

### I.    MERIT REVIEW

The case is before the Court for a merit review of Plaintiff's complaint. The Court

must "screen" Plaintiff's complaint, and through such process identify and dismiss any

legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

seeks monetary relief from a defendant who is immune from such relief." *Id.*

Courts must dismiss cases proceeding in forma pauperis "at any time" if the

action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has

been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court reviews the Complaint before

directing service to ensure that a federal claim is stated and that the action is not frivolous or malicious.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Officer McMahon and Lieutenant Jenna Good.

Plaintiff alleges that on July 8, 2025, he asked Officer McMahon for cleaning supplies for his cell. McMahon refused and instead began making sexual comments to Plaintiff, and telling Plaintiff to pose for McMahon in a sexual way and "talk dirty" to him. Lieutenant Good later created a false report regarding McMahon's actions in order to protect McMahon.

Verbal harassment can be enough to violate an individual's constitutional rights. For example, in *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015), an officer repeatedly made sexually threatening comments to the plaintiff, exposed himself to the plaintiff, and encouraged another inmate to sexually assault the plaintiff, resulting in other inmates joining in similar patterns of harassment and verbal abuse of that plaintiff, and the Seventh Circuit said that stated a claim. Notably *Beal* occurred in the prison context and thus the higher "cruel and unusual punishment" standard of the Eighth Amendment applied there.

Page **2** of **6**

On the other hand, *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated in other part by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020), found that racial slurs and a series of sexually explicit comments about others did not state a claim for relief, again under the Eighth Amendment prisoner context.

The Fourteenth Amendment's lower "objective reasonableness" standard applies to Plaintiff's allegations here because he was a pretrial detainee at the relevant time. *Reed v. Bowen*, 769 F. App'x 365 (7th Cir. 2019) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (citations omitted)). The difference is important because a pretrial detainee "cannot be punished at all," while a convicted person can be punished as long as the punishment is not "cruel and unusual." *Reed*, 769 F. App'x at 369 (citing *Kingsley*, 576 U.S. at 400).

There is no objectively reasonable basis for a corrections officer to make sexualized comments to detainees under their care, so Plaintiff states a Fourteenth Amendment objectively unreasonable treatment claim against McMahon.

Plaintiff alleges Good failed to properly investigate and document McMahon's bad behavior. These are allegations of unpleasant, unethical, and deceitful behavior, but they do not establish a constitutional claim, as Plaintiff does not have a separate right to any specific sort of investigation of past wrongs by other parties. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015).

## II.     MOTION TO REQUEST COUNSEL

Plaintiff has requested Court assistance with finding an attorney. Doc. 4.

The Court must determine if Plaintiff has 1) made an attempt to find an attorney without Court intervention (or if he was prevented from doing so) and 2) if so, if he can represent himself in this case. See *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Plaintiff has not made any showing of a reasonable attempt to find counsel or asserted that was denied the opportunity. Plaintiff may renew his motion for help finding a lawyer for this lawsuit after he attempts to find one for himself first. If he does so, he should attach copies of the letters he sends to attorneys, and should document which attorneys he contacted, when, whether he heard back, and what he heard back. Requests he sends out must describe specifically the allegations in this lawsuit.

Plaintiff's motion to request counsel is therefore denied with leave to renew.

IT IS THEREFORE ORDERED:

1. **Motion to Request Counsel [4] is DENIED.**

2. **Pursuant to its review, the Court finds that Plaintiff states a claim for objectively unreasonable harassment by Defendant McMahon. No claim is stated against Defendant Good. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion and for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.**

3. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

4. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay**

the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5.  With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.  The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

7.  This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

8.  Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

9.  The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 24th day of April, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE